UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/7/15
```

In re:

LIGHTSQUARED INC., *et al.*,

                    Debtors

HARBINGER CAPITAL PARTNERS LLC, HGW
US HOLDING COMPANY LP, BLUE LINE DZM
CORP., AND HARBINGER CAPITAL PARTNERS
SP, INC.,

                    Plaintiffs,

LIGHTSQUARED LP, LIGHTSQUARED INC.,
LIGHTSQUARED INVESTORS HOLDINGS INC.,
TMI COMMUNICATIONS DELAWARE LIMITED
PARTNERSHIP, LIGHTSQUARED GP INC., ATC
TECHNOLOGIES, LLC, LIGHTSQUARED CORP.,
LIGHTSQUARED INC. OF VIRGINIA,
LIGHTSQUARED SUBSIDIARY LLC, SKYTERRA
HOLDINGS (CANADA) INC., AND SKYTERRA
(CANADA) INC.

                    Plaintiff-Intervenors,

          -against-

SP SPECIAL OPPORTUNITIES LLC, DISH NETWORK
CORPORATION, ECHOSTAR CORPORATION,
CHARLES W. ERGEN, SOUND POINT CAPITAL
MANAGEMENT LP, AND STEPHEN KETCHUM,

                    Defendants.

14 MC 234 (AT)

Chapter 11

Case No. 12-12080 (SCC)

Jointly Administered

Adv. Case No. 13-01390
(SCC)

**ORDER**

ANALISA TORRES, District Judge:

In this bankruptcy action, Appellants, Harbinger Capital Partners LLC, HGW US

Holding Company LP, Blue Line DZM Corp., and Harbinger Capital Partners SP, Inc., move

pursuant to 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8003(a) and 8019

for an order (1) granting leave to appeal several orders and decisions[1] issued by U.S. Bankruptcy Judge Shelley C. Chapman; and (2) expediting appellate consideration of certain issues. Appellees, SP Special Opportunities LLC ("SPSO"), Charles W. Ergen, DISH Network Corporation, Echostar Corporation, and L-Band Acquisition LLC, oppose appeal. For the reasons stated below, Appellants' motion is DENIED.

## BACKGROUND[2]

On May 14, 2012, LightSquared, Inc. along with other debtors and debtors in possession (collectively, "Debtors") commenced voluntary bankruptcy proceedings under Chapter 11 of Title 11 of the United States Code. *LightSquared LP v. SP Special Opportunities LLC (In re LightSquared Inc.)*, 511 B.R. 253, 262-63 (Bankr. S.D.N.Y. 2014). On August 6, 2013, Appellants initiated an adversary proceeding against Appellees and two other parties, alleging that Appellees engaged in inequitable conduct and seeking disallowance of claims to the bankruptcy estate. *Id.* at 263. Debtors intervened in the adversary proceeding on August 13, 2013 and filed a complaint in intervention on November 15, 2013. *Id.* In the November Decision and the December Order, the bankruptcy court dismissed several claims asserted by Appellants and Debtors, respectively. *Id.* at 264.

The adversary proceeding progressed to a liability trial,[3] *id.* at 264 n.6., after which the bankruptcy court issued the June Decision. The June Decision found, *inter alia*, that Ergen and

---

[1] Specifically, Appellants seek leave to appeal from the following: (i) Post-Trial Findings of Fact and Conclusions of Law, Friedman Decl. Ex. A, ECF No. 3-1 (the "June Decision"); (ii) Order Regarding Motions to Dismiss LightSquared's Complaint-In-Intervention and Harbinger's Second Amended Complaint, Friedman Decl. Ex. D, ECF No. 3-4 (the "December Order"); (iii) Memorandum Decision Granting Motions to Dismiss Complaint, Friedman Decl. Ex. C, ECF No. 3-3 (the "November Decision"); (iv) Order Granting Motions to Dismiss the Amended Complaint, Friedman Decl. Ex. B, ECF No. 3-2.

[2] The background facts and procedural history are taken from the parties' submissions.

[3] At request of the parties, the trial was bifurcated, with a damages trial to be conducted at a later date.

2

SPSO, on behalf of or for the benefit of DISH, engaged in dishonest practices in debt purchasing, which breached the LightSquared LP Credit Agreement's ("Credit Agreement") implied covenant of good faith and fair dealing. *Id.* at 333. The bankruptcy court concluded that equitable subordination of SPSO's claim, rather than disallowance, was the proper remedy for the breach. *Id.* at 352-53.

Appellants then brought the instant motion for leave to appeal. The motion was held in abeyance pending the outcome of a confirmation plan hearing in the underlying bankruptcy proceeding. Mar. 12, 2015 Order, ECF No. 9. The bankruptcy court then issued an order confirming the modified second amended joint plan ("Confirmation Order"). Mar. 27, 2015 Order, ECF No. 12-1. Appellants now argue that the terms of the Confirmation Order and the second amended joint plan ("Plan") render the orders from which they originally sought leave to appeal "no longer interlocutory" and, thus, "appealable as of right." Joint Letter 1, 3, ECF No. 12. Appellants seek to appeal thirteen issues. *See* Appellant Mem. 11-13, ECF No. 2. Of those issues, Appellants contend that the following three merit expedited review:

(1) Whether the [b]ankruptcy [c]ourt erred in holding . . . that (i) the defenses of laches and equitable estoppel can defeat a claim for breach of contract, even if all of the underlying elements of the defenses are not met, and (ii) . . . that such equitable defenses were established here . . . ;

(2) Whether the [b]ankruptcy [c]ourt erred in holding . . . that contractual disallowance of SPSO's claim pursuant to Section 502(b) of the Bankruptcy Code was not warranted even though it concluded that SPSO had breached the implied terms of the Credit Agreement . . . ; and

(3) Whether the [b]ankruptcy [c]ourt erred in holding . . . that the Bankruptcy Code prohibits the relief of equitable disallowance.

*Id.* at 11-12.

# DISCUSSION

I.  Permissive Appeal

A. Legal Standard

Pursuant to 28 U.S.C. § 158(a), district courts have appellate jurisdiction over bankruptcy rulings. Appeals from final orders may be appealed as of right, *see* 28 U.S.C. § 158(a)(1), while interlocutory orders may be appealed only "with leave" of the district court, *id.* § 158(a)(3). "Neither section 158(a)(3) nor the Bankruptcy Code specifically delineates the criteria which govern an appeal under § 158(a)(3). In deciding whether to grant leave to appeal under § 158(a)(3), courts in this district have incorporated the standards applicable to interlocutory appeals under 28 U.S.C. § 1292(b)." *In re Orange Boat Sales*, 239 B.R. 471, 474 (S.D.N.Y. 1999) (citations omitted).

28 U.S.C. § 1292(b) provides that courts should grant leave to appeal only if the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Jurisdiction under § 158(a)(3) is "discretionary." *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) ("Under Section 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court."). Indeed, courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." *In re World Trade Cent. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (citation omitted).

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). Permitting interlocutory appeals in circumstances that are not exceptional would "contravene the

well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 28 (S.D.N.Y. 1995) (citation and internal quotation marks omitted). Accordingly, interlocutory appeals are disfavored. *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007).

    B. Waiver

    Although Appellants seek to appeal thirteen issues arising from four separate orders of the bankruptcy court, Appellants' arguments only address the three issues for which they seek expedited review. Generally, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006) (citation and internal quotation marks omitted). Indeed, pursuant to Rule 8014 of the Federal Rules of Bankruptcy Procedure, "the argument . . . must contain the appellant's contentions and the reasons for them." Fed. R. Bankr. P. 8014(a)(8). Courts have found failure to comply with the provisions of Rule 8014, which were previously outlined in Rule 8010 prior to 2014 Amendments of Federal Rules of Bankruptcy Procedure, to constitute waiver. *See, e.g., In re Vargas Realty Enters., Inc.*, 440 B.R. 224, 242 (S.D.N.Y 2010) (concluding that appellants waived their claim by failing to provide sufficient argument for the issue in their moving papers); *In re Leslie Fay Co., Inc.*, 222 B.R. 718, 721 n.3 (S.D.N.Y. 1998) ("Although appellants also appeal the Bankruptcy Court's order denying them compensation for professional services and expenses, they make nary an argument on the topic in their opening brief, and have therefore waived the issue entirely."), *aff'd*, 182 F.3d 899 (2d Cir. 1999);.

Accordingly, the Court will only address the issues for expedited review discussed in Appellants' moving papers.[4]

    C. Controlling Question of Law

    None of the issues Appellants seek leave to appeal implicates a controlling question of law. A question is controlling if "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011). "Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *SEC v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000); *see also In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (noting that "the courts have tended to make the controlling question requirement one with the requirement that its determination may materially advance the ultimate termination of the litigation," and explaining that "the critical requirement is that an interlocutory appeal have the potential for substantially accelerating the disposition of the litigation" (internal quotation marks, brackets, and citation omitted)). "The question must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Estate of Madoff*, 464 B.R. at 582 (internal quotation marks and citation omitted).

    Reversal of the bankruptcy court would neither conclusively resolve the action nor materially affect the outcome of the litigation. Reversal on the issues at hand would: (1) allow

---

[4] In any event, failing to provide argument leaves the court with no basis for determining that exceptional circumstances warranting immediate appeal exist with respect to any of these issues. *See In re Perry*, 377 B.R. at 73 ("The party seeking an interlocutory appeal has the burden of showing 'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave*, 921 F.2d 21, 24 (2d Cir. 1990))).

recovery of affirmative damages for breach of the Credit Agreement; (2) permit contractual

disallowance of SPSO's claim; and (3) permit equitable disallowance of SPSO's claim. Rather

than accelerating disposition of the adversary proceeding, reversal at this already well-advanced

stage of the litigation would instead reintroduce disputes that would stymie the proceedings.

Indeed, reversal would neither "simplify matters so as to materially advance termination of the

litigation," *Credit Bancorp, Ltd.*, 103 F. Supp. 2d at 227, nor "save time for the [bankruptcy]

court, and time and expense for the litigants," *Chevron Corp. v. Donziger*, 11 Civ. 0691, 2013

WL 98013, at *3 (S.D.N.Y. Jan. 7, 2013). The issues in dispute could be adequately addressed

in a comprehensive appeal following resolution of the adversary proceeding. Therefore, the

Court concludes that these issues do not implicate a controlling question of law.

D.  Advance Ultimate Termination of the Litigation

For similar reasons, granting leave to appeal would not advance the ultimate termination

of the litigation. Immediate appeal is considered to advance termination of the litigation if it

"promises to advance the time for trial or shorten the time required for trial." *Estate of Madoff*,

464 B.R. at 582 (internal quotation marks and citation omitted). Appellants contend that

immediate appeal is necessary because swift resolution of these issues would provide clarity on

the amount of SPSO's claim and, as a result, aid confirmation of a reorganization plan. Appellant

Mem. 22. Furthermore, Appellants assert that equitable mootness could preclude appeal if they

are barred from appealing until a final order has been issued. *Id.*

The bankruptcy court has already issued the Confirmation Order, and the Plan explicitly

preserves the Appellants' right to assert all claims and defenses related to the issues raised by

Appellants. *See* Confirmation Order Ex. A at 65-66. Furthermore, risk of equitable mootness is

of diminished import when a party had the opportunity to take affirmative measures that would

7

protect his or her appellate rights. *See In re Worldcom*, No. M-47, 2003 WL 21498904, at *11 (S.D.N.Y. Jun. 30, 2003)(concluding that exceptional circumstances meriting interlocutory appeal did not exist because the appellant had the option to seek a stay and safeguard his rights from risk of equitable mootness). Accordingly, the Court finds that reversal would not advance ultimate termination of the action.

Because there is no controlling question of law and reversal of the bankruptcy court would not materially advance termination of the litigation, the Court concludes that interlocutory appeal is unmerited. *See In re Futter Lumber Corp.*, 473 B.R. 20, 26-27 (E.D.N.Y. 2012) ("[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal.").

II.   Appeal as of Right

Appellants also contend that the orders for which they sought leave to appeal are now appealable "as of right." Joint Letter 1. "A final order ends the litigation on the merits and leaves nothing for the court to do but exercise the judgment." *In re Chateaugay Corp.*, 826 F.2d 1177, 1179 (2d Cir. 1987) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945) (internal quotation marks omitted). "[I]n the bankruptcy context, the standard for finality is more flexible than in other civil litigation." *In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 77 (2d Cir. 2012). Nonetheless, for an order to be "final," it must still "dispose[] of discrete disputes within the larger case." *North Fork Bank v. Abelson*, 207 B.R. 382, 386 (E.D.N.Y. 1997) (quoting *In re Johns–Manville Corp.*, 824 F.2d 176, 179 (2d Cir. 1987)). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775-76 (2d Cir. 1992). Thus, "[a]lthough a 'final order' need not resolve all of the issues raised by the bankruptcy, it must completely

resolve all of the issues pertaining to the discrete claim." *Abelson*, 207 B.R. at 386 (citation
omitted).

None of the orders that Appellants seek to appeal qualifies as a "final" order.  Indeed,
Appellants initially conceded that all the orders besides the June Decision were "non-final."
Appellant Mem. 1 n.1 ("Appellant also appeals from the following non-final orders and
decisions  . . . .").  In addition, the June Decision does not qualify as a final order, for it does not
resolve damages.  *See In re Food Mgmt. Grp., LLC*, 14 MC 166, 2015 WL 327953, at *5 ("Even
when applying more lenient standards of finality applicable in the bankruptcy context . . . the
dispute is not completely resolved, and thus not appealable by right, until the bankruptcy court
determines the amount of damages to be awarded." (quoting *Fugazy*, 982 F.2d at 776 (internal
quotation marks omitted))).

Appellants argue that the Confirmation Order and the terms of the Plan have rendered the
orders in the adversary proceeding "final" and appealable.  However, the Court disagrees for the
reasons laid out by SPSO in the joint letter.  *See* Joint Letter 4-6.  At this time, neither the
Confirmation Order nor the Plan has conclusively resolved the issues left to be adjudicated in the
adversary proceeding.  Indeed, the bankruptcy court retained jurisdiction over the adversary
proceeding, *see* Confirmation Order at 89-90, and has not issued any subsequent order indicating
that the issues that remained pending after the June Decision have been resolved or otherwise
settled.  Even if the terms of the Plan resolved the pending issues in the adversary proceeding,
the orders would not be final until the Plan is consummated and, thus, forecloses any further
adjudication on those issues.[5]  *Cf. In re Lehman Bros. Holdings Inc.*, 11 Civ. 2721, 2011 WL
5103346, at *3 (collecting cases) (concluding that a bankruptcy court order requiring parties to

---

[5] Indeed, Appellants note, with respect to Appellees' separate appeal of the June Decision, that "the equitable
subordination claim is waived upon the effective date of the Plan."  Joint Letter 3.

engage in non-binding alternative dispute resolution was not a final order because the order did

not independently resolve the pending issues but rather required parties to participate in a process

that contemplated possible resolution). Accordingly, the orders in the adversary proceeding

remain interlocutory and, therefore, not appealable as of right.

## CONCLUSION

For the reasons stated above, Appellants' motion for leave to appeal and for expedited

review is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 1 and to

close the case.

SO ORDERED.

Dated: July 7, 2015
New York, New York

_____
ANALISA TORRES
United States District Judge